**Isolina Perez De RODRIGUEZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General for the United States,\* Respondent.**

No. 08–2442–ag.

United States Court of Appeals, Second Circuit.

July 10, 2009.

Rahul D. Manchanda, Esq., Manchanda Law Offices, PLLC, New York, NY, for Petitioner.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the

respondent in this case. The Clerk of Court is directed to amend the authorized abbreviated caption as indicated.

Brendan P. Hogan, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, CHESTER J. STRAUB and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Isolina Perez de Rodriguez petitions for review of a decision by the Board of Immigration Appeals ("BIA") denying her motion to reopen removal proceedings on the grounds that it was numerically barred and untimely, and that in any case Rodriguez is not entitled to the discretionary relief she seeks. See In re Isolina Perez de Rodriguez, No. A76 181 972 (B.I.A. Aug. 1, 2006). Rodriguez was ordered removed in absentia after failing to appear at a scheduled administrative hearing. She argues on appeal that her failure to appear was due to the ineffective assistance of counsel, and that the time and numerical limitations to her motion to reopen should be equitably tolled. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

"We review the BIA's denial of a motion to reopen for abuse of discretion." Ajdin v. Bureau of Citizenship and Immigration Services, 437 F.3d 261, 263 (2d Cir.2006) (per curiam). "An abuse of discretion may be found where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." Id. at 263–64 (quotations, alterations, and citations omitted).

The BIA correctly found Rodriguez's motion to reopen to be both numerically barred and untimely. See 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). Rodriguez had previously filed a motion to reopen with the Immigration Judge in January 2006 which was denied in February 2006. And Rodriguez's December 2007 motion came more than ninety days after the August 1, 2006 dismissal of petitioner's appeal of that denial.

Although "[w]e have recognized that, under the doctrine of equitable tolling, ineffective assistance of counsel can, in some circumstances, afford an alien additional time beyond the limitations period for a motion to reopen and relieve a petitioner from the numerical bar," a petitioner must show (among other things) that she has exercised reasonable due diligence in pursuing her claim in order to obtain the benefit of tolling. Rashid v. Mukasey, 533 F.3d 127, 130–31 (2d Cir.2008). We cannot say the BIA abused its discretion in finding that Rodriguez was, and ought to have been, suspicious of her prior representative's performance long before December 2007. See id. at 132–33 & n. 3.[1]

Accordingly, we hereby **DENY** Rodriguez's petition for review. As we have completed our review, any pending motion for a stay of removal in this petition is **DISMISSED** as moot.

---

1. While this petition was pending, an individual affiliated with the law firm that had represented Rodriguez in her immigration proceedings was indicted for various offenses related to his pretending to be a lawyer. We note that the BIA retains discretion to reopen removal proceedings sua sponte in light of this development, and that the time and numerical bars discussed herein would not apply if both parties jointly move to reopen proceedings. See 8 C.F.R. § 1003.2(c)(3)(iii).